### COMMONWEALTH v. ISAAC B. SAWTELLE.

An indictment for larceny from the person of "sundry gold coins, current as money in this commonwealth, of the aggregate value of twenty-nine dollars, but a more particular description of which the jurors cannot give, as they have no means of knowledge," and containing similar allegations as to bank bills and silver coin, is sufficiently specific to warrant a judgment upon a general verdict of guilty.

THE defendant was convicted upon an indictment for larceny from the person of Patrick McCauley, of "sundry gold coins, current as money in this commonwealth, of the aggregate value of twenty-nine dollars, but a more particular description of which the jurors cannot give, as they have no means of knowledge; and sundry bank bills current as money in this commonwealth and the British Provinces, then due and unpaid, of the aggregate value of thirty-three dollars, but a more particular description of which the jurors cannot give, as they have no means of knowledge; and sundry silver coins, current as money in this commonwealth, of the aggregate value of fifteen dollars, description not known to the jurors." He moved in arrest of judgment because the number of articles of either kind stolen was not alleged, and because no particular article stolen was alleged to have been of any value. *Wells*, C. J. in the municipal court, reported the case for the consideration of this court.

*J. P. Converse*, for the defendant. The indictment is defective, as it neither sets forth the number of things stolen, nor the value or denomination of either the coin or the bank bills, and the crime is not fully, plainly, or formally described. Const. of Mass. part 1, § 12; *O'Connell* v. *The Commonwealth*, 7 Met. 460; *Hope* v. *The Commonwealth*, 9 Met. 134. Judgment ought, therefore, to be arrested. *Commonwealth* v. *Smith*, 1 Mass. 245; *Commonwealth* v. *Northampton*, 2 Mass. 116.

*R. Choate*, (attorney-general,) for the commonwealth.

DEWEY, J. This is a motion in arrest of judgment for an alleged insufficiency in the indictment. The supposed defect

is, that arising from the want of particularity in the description of the property alleged to have been stolen.   The articles, the subject of the larceny, were gold coins, silver coins, and bank bills.   These articles are described in separate classes, and each class of articles is described as of a particular amount and value.   A general verdict being rendered of guilty of lar‧ ceny as to all these articles, if any one class is well described, the judgment should not be arrested, but the sentence limited to the larceny of the articles properly described.   The general rule undoubtedly is that the articles are to be particularly described, and in ordinary cases where several similar articles are alleged to be stolen, the number of the same should be given.   How far giving the number of the articles does in fact contribute to any certainty or particularity of the charge may be questionable, as the alleged number need not be proved, but proof of any less number will equally authorize the conviction of the party.   With this rule of general appli‧ cation requiring the greatest practicable certainty in the description of the property stolen, there are also certain exceptions to the rule arising from the necessity of the case.   No rule as to the description of the property essential to an indictment is better settled than that the name of the owner of the property must be stated in the indictment.   And yet it is a quite sufficient excuse for not so stating it, that the jury set forth in the indictment that the goods are the property of some person to the defendant unknown.

The extent to which the particularity of the recitals ordinarily required by the rules of criminal pleading may be dispensed with, when the necessity of the case requires it, is very strikingly illustrated in the late case of *Commonwealth* v. *Webster*, 5 Cush. 386.   In indictments for murder, the indictment must ordinarily set forth the particular character of the homicide, marking with distinctness whether it be a homicide by the use of a weapon, or wound externally inflicted, or occasioned by some internal poison, or other mode of taking life without the use of any instrument applied externally.   But notwithstanding this rule and the invariable practice under it in all ordinary cases, yet it was held that the indictment might

be good and sufficient when the nature of the homicide, or the manner and mode of killing are wholly omitted to be stated; and where the charge was that of killing in some way and manner, and by some means, instruments and weapons unknown, it was held well charged, the jury reciting in the indictment that the way and means by which the homicide was committed were to the jurors unknown.   The necessity of the case, where the facts are unknown as to the manner of the death, absolutely requires such general form of statement, and hence it has been sanctioned.   The fact must be stated by the jury that the matter is to the jurors unknown, and this may excuse the want of that particularity which would otherwise be required.   Applying these principles to the present case, and giving the proper effect to the averment of the grand jury, that " a more particular description of the goods they cannot give as they have no means of knowledge," we are of opinion that this indictment may well be sustained.   The cases of *O' Connell* v. *Commonwealth,* 7  Met.  460,  and *Hope* v. *Commonwealth,* 9  Met.  134, are  obviously unlike the present case.   On  the other hand  the case of *Larned* v. *Commonwealth,* 12  Met.  240, strongly sustains this general form of describing the property alleged to be stolen.

As to the larceny of the silver coins, it has been a long and well settled practice in this commonwealth, to charge it as a larceny of " sundry pieces of silver coin current in this commonwealth, amounting together to the sum of ——— dollars," without describing the various particular coins.   Indeed, it would from the very nature of the case in a larceny like the present, from the person, be usually impossible for the owner to describe each piece of coin, although he might easily state an aggregate sum which he knew had been taken from him.

As to notice of the offence charged upon the prisoner, he has it substantially in this form; certainly in a case like the present where the alleged larceny is a taking from the person of the owner, and of his money and bills, and his name is particularly stated in the indictment.   This identifies the offence charged, and apprises the party of the case of larceny he has to meet.

As to the objection of uncertainty in this indictment, and its effect in depriving the party of the privilege of pleading the same in bar against a second indictment, the objection is rather specious than real. The difficulties that are suggested under the present form of indictment would be likely to occur under the form admitted to be legal and proper. The number may be stated much larger than appears in proof, and yet no substantial variance. Suppose the case of bank bills, and they were described as ten bank bills of the value of $100; the government might prove a larceny of any smaller number, and sustain the indictment so far as proved. Where the articles are of one class, or of the same kind, stating the number of the articles aids little in identifying the particular offence charged. The second indictment may be for a smaller number, and therefore it may be necessary to resort to oral evidence to identify the larceny as the same that has been previously charged. If the previous indictment is general in its statement, in such case, upon a plea of former conviction or acquittal being pleaded to a subsequent indictment, the case would be open to oral evidence to identify the larceny ·harged in the former case.

As to the present indictment, containing as it does the direct averment on the part of the grand jury that they have no knowledge or means of knowledge of the particular description of the coin or bank bills alleged to be stolen, the court are of opinion that there is no ground for arresting the judgment. *Motion in arrest of judgment overruled*